**PACIFIC EMPLOYERS INSURANCE COMPANY, a California Corporation, Plaintiff,**

v.

**P.B. HOIDALE COMPANY, INC.; Employers Mutual Casualty Company; and Lightner–Kanaga Insurance, Inc., Defendants.**

Civ. A. No. 87–1384–B.

United States District Court, D. Kansas.

Jan. 29, 1992.

Timothy J. Finnerty, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, Kan., Debra J. Arnett, Hartley, Nicholson & Hartley, P.A., Paola, Kan., for plaintiff.

Jeffery L. Carmichael, Morris, Laing, Evans, Brock & Kennedy, Chtd., Wichita, Kan., for defendant P.B. Hoidale Co., Inc.

Eldon L. Boisseau, Turner & Boisseau, Wichita, Kan., for defendant Employers Mut. Cas. Co.

Floyd E. Gehrt, William A. Larson, Gehrt and Roberts, Chartered, Topeka, Kan., for defendant Lightner–Kanaga Ins., Inc.

Debra J. Arnett, Hartley, Nicholson & Hartley, P.A., Paola, Kan., for counter-defendant Pacific Employers Ins. Co.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the Court on the Joint Motion of plaintiff Pacific Employers Insurance Company ("Pacific") and defendant P.B. Hoidale Company, Inc. ("Hoidale") to limit the number of expert witnesses called by defendant Employers Mutual Casualty Company ("Employers"); and the Joint Motion in Limine of Pacific and Hoidale to exclude at trial the testimony of an expert witness retained by Employers.

This is a declaratory action filed to determine the liabilities of a primary insurance carrier, an excess insurance carrier, and their insured for a judgment entered in Sedgwick County District Court against the insured. The state court judgment was rendered on a personal injury claim against defendant Hoidale in the amount of $1,715,-256.40, which exceeds the $500,000 coverage under a primary insurance policy issued by defendant Employers. Plaintiff issued a $1,000,000 excess liability insurance policy to Hoidale, under which plaintiff incurs liability in excess of that covered under Employers' primary insurance policy.

Pacific and Hoidale ("movants") seek to impose liability on Employers for the amount in excess of Employers' policy limits under the holding of *Bollinger v. Nuss,* 202 Kan. 326, 449 P.2d 502 (1969) and its progeny. Under this rule, "an insurer is liable for the full amount of its insured's resulting loss, even if that amount exceed[s] the limits of the policy, for the negligence or bad faith in defending or settling an action against the insured." *Smith v. Blackwell,* 14 Kan.App.2d 158, 162, 791 P.2d 1343 (1989) (citing cases), *review denied,* 246 Kan. 769 (1990). Movants allege that Employers is liable for the entire judgment by virtue of its negligence in handling the state court action and its breach of its duty of good faith toward Hoidale and/or Pacific.

### A. *Motion to Limit Expert Witnesses*

■ Daniel Bachmann was the attorney retained by Employers to represent Hoidale's defense in the state court action. Employers has listed five expert witnesses who will testify regarding the competency of Bachmann's defense of Hoidale. Movants contend that five experts are cumulative and may place "undue emphasis on some phase of the lawsuit with possible prejudice resulting." (Doc. 289, at 5).

Movants do not articulate any reason for a finding that five expert witnesses on this subject are cumulative, or what "possible prejudice" may result from this probative evidence. Moreover, it appears that three of the expert witnesses—including the very attorney whose actions are being challenged—are also fact witnesses who have some connection to the litigation of the underlying lawsuit. The Court finds no basis for preventing Employers from calling the five witnesses already listed in the pretrial order, and will therefore deny the motion at this time. If it appears at trial, however, that Employers' expert testimony is needlessly cumulative or unfairly prejudicial, the Court will exercise its discretion

to exclude this testimony. *See* Fed.R.Evid. 403.

### B. *Motion to Exclude Testimony*

Employers seeks to refute the allegation that it negligently handled the state court action, in part, by relying on the testimony of Kenneth Razak. Razak is an accident reconstructionist who was not retained by Employers either at time it was conducting its investigation of the underlying accident or at the time of the state court trial. At both of these times, however, Employers relied on Dr. Gary Thompson, an accident reconstructionist whose theory supports Employers' refusal to settle within its policy limits. Razak has reviewed the conclusions of Dr. Thompson and agrees with those conclusions. Employers now intends to rely also on Razak at the trial of this case.

■ The admission or exclusion of evidence rests within the sound discretion of the trial court. *E.g., Mason v. Texaco, Inc.,* 948 F.2d 1546, 1555 (10th Cir.1991). Movants seek to exclude the testimony of Razak as irrelevant "hindsight evidence."

■ In *Bollinger* the court emphasized the importance of evaluating the insurer's performance on the basis of information known to the insurer at the time it refused the settlement offer:

> The strength of plaintiff's case must be gauged as it appeared at the time the offer was refused. As all can now see through hindsight, it would have been better for both the insured and the insurer to have accepted the offer. In *Ferris v. Employers Mutual Cas. Co.,* 255 Iowa 511, 112 [122] N.W.2d 263, it was stated:
>
> > "... We may not measure the reasonableness of the offer by the ultimate result of the litigation; it must be considered in the light of the case as it fairly appeared to the insurer and its authorized agents and attorneys at the time the offer was made...." (p. 523).
>
> *The value of an unlitigated claim must be determined on its own apparent merits, or lack of them, the possibility of liability being established, and on*

*the injuries and their extent being proven.*

202 Kan. at 340–41, 449 P.2d 502 (emphasis added). *See also Rector v. Husted,* 214 Kan. 230, 239, 519 P.2d 634 (1974); *Covill v. Phillips,* 452 F.Supp. 224, 227 (D.Kan. 1978).

Because the opinions of Razak were unknown to Employers at the time settlement negotiations in the underlying lawsuit were underway, movants contend that Razak's opinions are irrelevant to the reasonableness of Employers' settlement posture. In essence, movants' argument is that the finder of fact may not consider any evidence that corroborates the insurer's decision to refuse a settlement offer if this evidence in fact did not play a role in the insurer's decision.

■ The "hindsight" rule of *Bollinger* is not applicable in the manner urged by movants. This rule prohibits evaluating the strength of a claim based upon the jury's ultimate resolution of disputed factual issues, or upon evidence that was either unknown or not reasonably discoverable by the insurer at the time the settlement offer was refused. *Bollinger* itself, however, directs consideration of "the strength of the injured claimant's case on the issues of liability and damages; ...." 202 Kan. at 338 (quoting *Brown v. Guarantee Ins. Co.,* 155 Cal.App.2d 679, 689, 319 P.2d 69 (1957)). *See also Insurance Co. of N. Am. v. Medical Protective Co.,* 768 F.2d 315, 321 (10th Cir.1985) (listing factors).

The reason for consideration of the strength of the case is obvious: an insurer who refuses to accept a settlement offer is less likely to be characterized as negligent if the claim it rejected was in fact weak. Necessarily, the strength of a case must be determined based upon evidence either known—or which reasonably could have been discovered—that would either support or refute the claim against the insured. The logical extension of movants' argument would also prohibit movants from introducing any evidence not considered by Employers that would have *supported* the claim against Hoidale—even if a reasonable

insurer would have discovered and considered such evidence. Movants' wooden application of *Bollinger*'s prohibition of hindsight is unavailing.

The Court finds the expected testimony of Razak to be potentially relevant. Although Employers did not consult Razak prior to or contemporaneously with settlement negotiations, the expected testimony of Razak may support Employers' presumed evaluation of the lawsuit as a weak case. Thus, Razak's testimony is relevant under the first factor of *Bollinger*.

The Court express no view at this time whether the testimony of Razak might be needlessly cumulative to the conclusions of Dr. Thompson, and reserves judgment on this matter until trial. *See* Fed.R.Evid. 403.

Accordingly, the Court hereby denies the Joint Motion of Pacific and Hoidale to limit expert witnesses (Doc. 288), and further denies the Joint Motion in Limine (Doc. 286) by these same parties to exclude testimony.

IT IS SO ORDERED.