**PACIFIC EMPLOYERS INSURANCE COMPANY, a California Corporation, Plaintiff,**

v.

**P.B. HOIDALE COMPANY, INC., Employers Mutual Casualty Company, and Lightner–Kanaga Insurance, Inc., Defendants.**

**Civ. A. No. 87–1384–B.**

United States District Court, D. Kansas.

April 14, 1992.

Timothy J. Finnerty, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, Kan., for plaintiff.

Eldon L. Boisseau, Turner & Boisseau, Chartered, Wichita, Kan., for defendant Employers Mutual Cas. Co.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the court on the motion of plaintiff for a protective order, and to quash trial subpoena; and plaintiff's first motion in limine. The court has previously set forth the facts of this case. *See* 782 F.Supp. 564; Order of April 1, 1992, 789 F.Supp. 1117. This declaratory action involves the efforts of an excess insurance carrier ("Pacific") and its insured ("Hoidale") to impose liability upon the insured's primary insurance carrier ("Employers") for a judgment against the insured in excess of the primary carrier's policy limits.

The trial in this matter is set to begin on April 20, 1992.

Pacific objects to allowing defendant Employers to take the deposition of Debra Arnett, plaintiff's former counsel in this matter. Upon receiving notice that suit had been filed against Hoidale—the common insured of Pacific and Employers—Pacific employed Arnett to "monitor" the trial of the matter. Although there is some dispute as to when Pacific received notice that a claim had been made against Hoidale, Pacific expects the evidence to show that it did not receive such notice until the day of trial.

### A. LAW OF THE CASE

Pacific first argues that law of the case principles preclude Employers from taking the deposition of Arnett. On January 30, 1989, the magistrate issued an order sustaining Pacific's motion for a protective order that prevented Employers from taking the deposition of Arnett. Employers did not file objections to the magistrate's order within the time prescribed by Fed.R.Civ.P. 72(a) and D.Kan.Rule 604. Thus, Pacific contends that Employers may not reargue this matter now.

"'The rule of the law of the case is a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter.'" *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1553 (10th Cir.1991) (quoting *United States v. U.S. Smelting Ref. & Mining Co.*, 339 U.S. 186, 198, 70 S.Ct. 537, 544, 94 L.Ed. 750 (1950)). However, "the law of the case doctrine is solely a rule of practice and not a limit on the power of the court." *Id.*

The court declines to invoke the law of the case doctrine with respect to the deposition of Arnett. Although the magistrate ruled on this issue previously, his ruling was made in the early stages of litigation before the issues of this case had been fully defined. Indeed, many of the unique legal issues in this case continue to be developed even on the eve of trial. Among the legal issues only recently resolved was this court's ruling that any negligence on

the part of Daniel Bachmann—Employers' previous counsel—is attributable to Employers. *See* Order of April 1, 1992, at 8–11, 789 F.Supp. at 1122–23. Although the court has yet to rule on whether Pacific and its agents had a legal duty to settle or defend the claim against its ·insured, the existence of such a duty would make relevant any acts of negligence on the part Pacific's agents—including Arnett. Thus, as this case has developed, the issues in this case involve any evidence relevant to, or which "appears reasonably calculated to lead to the discovery of admissible evidence," *see* Fed.R.Civ.P. 26(b)(1), on the subject of prior attorney negligence.·

## B.  ATTORNEY–CLIENT PRIVILEGE[1]

Pacific next argues that Arnett's testimony is privileged, and thus not subject to discovery.

By operation of Fed.R.Evid. 501, state law governs any privilege claims in this diversity action. The discoverability of matter allegedly protected by the work product doctrine, however, is governed by Fed.R.Civ.P. 26(b)(3). *See In re A.H. Robins Co.,* 107 F.R.D. 2, 8 (D.Kan.1985). Pacific claims a privilege against disclosure under both doctrines.

■ Kansas statutory law defines the scope of the attorney-client privilege applicable to Pacific's claim:

> [C]ommunications found by the judge to have been between lawyer and his or her client in the course of that relationship and in professional confidence, are privileged, .... The privilege may be claimed by the client in person or by his or her lawyer, ....

K.S.A. § 60–426(a) (1983). The statute defines "communication" to include *"advice given by the lawyer in the course of representing the client* and includes disclosures of the client to a representative, associate or employee of the lawyer incidental to the professional relationship; .... " *Id.* § 60–426(c) (emphasis added). The privilege does not extend, however, to communications that are not made in professional confidence, *see State v. Breazeale,* 11 Kan. App.2d 103, 105, 713 P.2d 973, *review denied,* 239 Kan. 695 (1986); nor to advice and assistance that has not been sought and received in matters pertinent to the profession, *see Professional Serv. Indus., Inc. v. Kimbrell,* 758 F.Supp. 676, 681–82 (D.Kan.1991) (quoting *In re Adoption of Irons,* 235 Kan. 540, 548, 684 P.2d 332 (1984)); nor to matters that have been previously disclosed. K.S.A. § 60–437. In addition, the statute enumerates five exceptions to the privilege. K.S.A. § 60–426(b).

■ The court finds an insufficient factual basis allowing for a ruling on Pacific's claim of privilege. It is unknown whether Arnett made any communications to Pacific that can be considered confidential. At least as to any factual matters that Arnett perceived at the trial, the court can well imagine that such matters may be relevant to the notice that Pacific had received as to the strength of the Doll claim. The strength of the injured claimant's case is among the factors to be considered under *Bollinger v. Nuss,* 202 Kan. 326, 338, 449 P.2d 502 (1969). Moreover, *Bollinger* specifically directs consideration of " 'the insurer's rejection of advice of its own attorney or agent; .... ' " *Id.* (quoting *Brown v. Guarantee Ins. Co.,* 155 Cal.App.2d 679, 689, 319 P.2d 69 (1957)). *See also N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.,* 117 F.R.D. 83, 85 (M.D.N.C.1987) (privilege may not apply where attorney advice is at issue).

■ Similarly, the factual posture of this case prevents the court from determining the viability of a work product privilege under Fed.R.Civ.P. 26(b)(3). In order to assert this privilege, Pacific must demonstrate as a threshold matter that Arnett's communications to Pacific were "in anticipation of litigation or for trial.... " *Id.; see also Bergeson v. Dilworth,* 749 F.Supp. 1555, 1564 (D.Kan.1990) (whether insurance company retained expert in anticipation of litigation is question of fact to be determined under all the circumstances), *aff'd*

---

1. The court notes that this precise claim of privilege was presented, but found to be moot, in *Bollinger v. Nuss,* 202 Kan. 326, 343, 449 P.2d 502 (1969).

*mem.,* 959 F.2d 245 (10th Cir.1992). Although Pacific asserts that such was the case, the court is unable to make this determination based upon the parties' representations.

For these reasons, the court will allow the deposition of Arnett to proceed. In so ruling, it is apparent to the court that the parties will be unable to reach any agreement as to the scope of Arnett's testimony without the assistance of the court. The court will therefore supervise the deposition of Arnett. The court will preside over the deposition of Arnett on April 23, 1992 at 3:30 p.m.

## C. MOTION IN LIMINE

 Pacific has also filed a motion in limine to prevent certain experts from testifying. According to Pacific, Employers has not filed the expert reports of several experts, although the magistrate directed all parties to produce such reports by March 28, 1991. (Order of February 26, 1991). Instead, Employers has referred plaintiff to the deposition testimony of these experts. Pacific contends that this practice does not adequately allow plaintiff to prepare for an effective cross-examination of Employers' experts.

Rule 26(b)(4) requires that a party disclose the name of any expert that party expects to call and "to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion."

The substance of the deposition testimony of Employers' listed experts is unknown to the court. The court will therefore allow these listed experts to testify, subject to the limitation that the experts for whom Employers has only provided "deposition reports" may only testify to matters that are within the scope of the deposition testimony. *See Smith v. Ford Motor Co.,* 626 F.2d 784, 797 (10th Cir.1980), *cert. denied,* 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981).

Accordingly, the court hereby denies plaintiff's motion for a protective order, (Doc. 350), and denies plaintiff's motion to quash trial subpoena (Doc. 352). The court further denies plaintiff's first motion in limine (Doc. 347), except as provided in this order.

IT IS SO ORDERED.