Carol K. LAWTON, Constance Clark, and Marvin Lawton, heirs at law of Maude E. Sudduth Lawton, Plaintiffs,

v.

MEDEVAC MID–AMERICA, INC., Steven Michael Gill, Dr. Roman Hiszcynskyj, Dr. James McGovern, and Topeka Fire Department, Defendants.

No. Civ. A. No. 91–2206–V.

United States District Court, D. Kansas.

Aug. 21, 1991.

Carol K. Lawton, pro se.

Constance Clark, pro se.

Marvin Lawton, pro se.

Paul P. Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for defendants Medevac Mid–America and Steven Michael Gill.

Jeffrey W. Jones, Thomas L. Theis, Sloan, Listrom, Eisenbarth, Sloan & Glasman, Topeka, Kan., for defendants Roman Hiszcynskyj and James McGovern.

Jon L. Frobish, Office of City Atty., City of Topeka, Topeka, Kan., for defendant Topeka Fire Dept.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is now before the court on the defendants' separate motions to dismiss as follows:

Topeka Fire Department's Motion to Dismiss (Doc. 7)

Steven Michael Gill's Motion to Dismiss (Doc. 14)

Medevac Mid–America, Inc.'s Motion to Dismiss (Doc. 16)

Motion to Dismiss by Roman Hiszcyn-skyj, M.D., and James McGovern, M.D. (Doc. 19)

*Pro se* plaintiff Carol K. Lawton has responded in some fashion to each of these motions. Having reviewed the file in this case, the court finds that oral argument on these motions is unnecessary. D.Kan. Rule 206(d). For the reasons stated below, the defendants' motions to dismiss are granted. The court also concludes that the filing of the Complaint in this court is frivolous and that sanctions should be imposed on plaintiff Carol K. Lawton pursuant to Fed.R.Civ.P. 11.

On March 6, 1989, plaintiffs Carol K. Lawton and Marvin Lawton, on their own behalf and on behalf of the heirs at law of Maude E. Lawton, filed a wrongful death suit against defendant Medevac in the District Court of Shawnee County, Kansas. Plaintiffs alleged that, on June 19, 1988, Medevac, through its employee, defendant Steven M. Gill, negligently provided emergency health care services to Maude E. Lawton and caused her to die before she could reach the hospital. The District Court of Shawnee County, Kansas, entered summary judgment in favor of defendant Medevac on June 27, 1990.

Plaintiffs' current action is based on the same alleged negligence of defendants Medevac and Gill in inserting an endotracheal tube and performing cardial pulmonary resuscitation on Maude E. Lawton. The complaint further alleges that the Topeka Fire Department, who was the first to respond to the emergency call for help, "wrongly transported" Maude E. Lawton. Finally, plaintiffs' claims against defendants Dr. Hiszczynskyj, District Coroner for the Third Judicial District of Kansas, and Dr. McGovern are based on a controversy over which of two conflicting certificates of death for Maude E. Lawton should be considered the official certificate of death by the State of Kansas, as well as an allegation that the doctors were "aware that the autopsy was being taken so to cover up the situation." Plaintiffs assert that the above stated claims give rise to a cause of action under 42 U.S.C. § 1983.

The defendants, in their separate motions to dismiss, argue that plaintiffs have failed to state a claim upon which relief can be granted and/or that plaintiffs' claims are barred by the applicable statute of limitations. Fed.R.Civ.P. 12(b)(6). Because these issues are dispositive of the case, the court does not need to consider the other defenses raised in the motions which apply only to certain defendants.

■ As an initial matter, the court notes that plaintiffs Constance Clark and Marvin Lawton have not signed the complaint or any of the pleadings filed in this case, nor has a licensed attorney signed any pleadings on their behalf as required by Fed. R.Civ.P. 11. Therefore, the claims of Constance Clark and Marvin Lawton are dismissed.

■ As for the section 1983 claims asserted by plaintiff Carol K. Lawton, we may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir.1989). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.* The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ In order to state a cause of action under section 1983, the plaintiff must first allege that some person has deprived her of a federal right. Second, she must allege

that the person who deprived her of that right acted under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). Here, plaintiff has failed to allege a violation of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Plaintiff asserts that she has a right to be free from conspiracies under 42 U.S.C. § 1986. However, as plaintiff Carol K. Lawton, herself, correctly notes, there can be no claim under section 1986 unless there is a valid section 1985 claim. *Taylor v. Nichols,* 558 F.2d 561, 568 (10th Cir.1977). Furthermore, a section 1985 claim requires, in part, that the conspiracy be for the purpose of depriving the plaintiff of "the equal protection of the laws, or of equal privileges and immunities under the law." 42 U.S.C. § 1985(3); *Griffin v. Breckenridge,* 403 U.S. 88, 103–04, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971). Again, plaintiff has failed to show that she was deprived of any constitutional rights or privileges. Moreover, plaintiff's complaint contains mere conclusory allegations of some type of a "cover up" which are insufficient to state a cause of action under section 1985. *See, e.g., Robinson v. McCorkle,* 462 F.2d 111, 113 (3d Cir.), *cert. denied,* 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed.2d 492 (1972) (pleading conspiracy under section 1985(3) requires at least minimum factual support of the existence of a conspiracy). Thus, plaintiff has failed to state a cause of action under either section 1983 or section 1986. Plaintiff's claim is essentially a state wrongful death claim which she is attempting to relitigate in federal court.[1]

Finally, even if the complaint arguably states a section 1983 claim, plaintiff's claims are barred by the applicable statute of limitations. Maude E. Lawton died on June 19, 1988. Plaintiff filed this action in federal court on June 13, 1991. The statute of limitations for a section 1983 claim is two years.[2] K.S.A. 60–513(4) (negligence); *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The statutes of limitations for the Age Discrimination in Employment Act ("ADEA"), as cited by the plaintiff, simply do not apply to this case. Thus, plaintiff's claims are barred by the statute of limitations.

Additionally, we conclude that the defendants are entitled to recover the costs of defending this action, including reasonable attorneys' fees, from plaintiff Carol K. Lawton as sanctions under Fed.R.Civ.P. 11.[3] The court notes that defendants Medevac and Steven M. Gill have filed a motion for sanctions (Doc. 37) in connection with plaintiffs' Motion to Set Aside Summary Judgment and that defendant Medevac has filed a motion for sanctions (Doc. 26) in connection with the filing of the Complaint in this case. Because we find that the filing of the Complaint in this case is so patently frivolous, we *sua sponte* award attorneys' fees to all of the defendants in this case.

Rule 11 provides that in signing a pleading, a party certifies that after "reasonable inquiry," the signer has formed the belief that the matter asserted in the pleading:

> [I]s well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose,

1. If plaintiff's claim is construed as a wrongful death claim, we would lack subject matter jurisdiction as complete diversity of citizenship does not exist. Moreover, we would most likely find that plaintiff's wrongful death action is barred by *res judicata* and/or collateral estoppel.

2. If plaintiff's claim is construed as a wrongful death claim, it would be barred by the two year statute of limitations for wrongful death actions, K.S.A. 60–513(5). Moreover, the statute of limitations for a section 1986 claim is one year. *Creative Env'ts, Inc. v. Estabrook,* 491 F.Supp. 547 (D.Mass.1980), *aff'd,* 680 F.2d 822

(1st Cir.), *cert. denied,* 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982).

3. As noted above, purported plaintiffs Constance Clark and Marvin Lawton have not signed any of the pleadings filed in this case, nor has a licensed attorney signed any pleadings on their behalf. Therefore, sanctions will only be imposed against plaintiff Carol K. Lawton who is the only person to sign the complaint and all pleadings filed on behalf of the plaintiffs.

such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

A pleading signed in violation of Rule 11 subjects the signer to sanctions, which can include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney's fees. *White v. General Motors Corp.*, 126 F.R.D. 563, 564–65 (D.Kan.1989). The imposition of sanctions is mandatory if a violation of Rule 11 is established. *See Adamson v. Bowen*, 855 F.2d 668, 672 (10th Cir.1988). A finding of subjective bad faith is not required in order to impose Rule 11 sanctions; rather the court should evaluate the parties' actions under an objective standard. The standard is one of reasonableness under the circumstances. *Burkhart v. Kinsley Bank*, 804 F.2d 588, 589 (10th Cir.1986).

█ We conclude that in this case, applying an objective standard, plaintiff Carol K. Lawton, after reasonable inquiry, could have determined that under existing law her attempt to recharacterize her state claim as a federal claim and to relitigate this action in federal court was legally frivolous. In addition, we find that plaintiff has repeatedly failed to serve her pleadings on all of the defendants and has not made a good faith effort to comply with the local rules or the Federal Rules of Civil Procedure, making it impossible, in most cases, for defendants to respond to the pleadings filed in this case. Because the Complaint that plaintiff signed and filed in this case is patently frivolous, *Adamson*, 855 F.2d at 672, mandates that plaintiff be sanctioned under Fed.R.Civ.P. 11. We conclude that defendants are entitled to recover the costs and expenses of defending this case, including reasonable attorneys' fees.

Counsel for the defendants are therefore directed to file affidavits within ten (10) days from the date of this Memorandum and Order, setting out those costs and fees in detail. Plaintiff shall then have ten (10) days thereafter to respond to defendants' affidavits.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant Topeka Fire Department's Motion to Dismiss (Doc. 7) is granted. Defendant Steven M. Gill's Motion to Dismiss (Doc. 14) is granted. Defendant Medevac Mid–America, Inc.'s Motion to Dismiss (Doc. 16) is granted. The motion to dismiss by defendants Roman Hiszcynskyj, M.D., and James McGovern, M.D., (Doc. 19) is granted. The case is dismissed with prejudice.

IT IS FURTHER ORDERED that defendants are granted sanctions against plaintiff Carol K. Lawton. Defendants shall file separate affidavits detailing their costs, expenses and attorneys' fees incurred in defending this action within ten (10) days from the date of this Memorandum and Order.

Copies of this order shall be mailed to counsel of record for the parties and to the plaintiffs individually.

IT IS SO ORDERED.