Elma AUGUSTINE, Plaintiff,

v.

James ADAMS, Adams, Brown, Beran and Ball, Chtd., Charles Haynes, John Bird, Robert Glassman, Glassman, Bird & Braun, Defendants.

Civil Action No. 95–2489–GTV.

United States District Court, D. Kansas.

Dec. 27, 1996.

Caleb Boone, Hays, KS, for plaintiff Elma Augustine.

Robert G. Martin, II, Richard T. Foster, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, KS, Michael S. Holland, Russell, KS, for defendants James Adams, Adams, Brown, Beran and Ball, Chtd., a Professional Association.

Michael S. Holland, Russell, KS, for defendant Charles Haynes.

Clarence L. King, Jr., Brian Wilson Wood, Hampton, Royce, Engleman & Nelson, Salina, KS, Michael S. Holland, Russell, KS, for defendants John Bird, Robert Glassman, Glassman, Bird & Braun, a Partnership.

Richard W. Brown, Brown & Isern, Great Bend, KS, for movant Warren Tindall.

## MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The court has under consideration a Motion To Compel (doc. 21) filed by defendants John Bird; Robert Glassman; and Glassman, Bird & Braun (defendants) and a Motion To Quash (doc. 32) filed by non-party Warren Tindall (Tindall). Pursuant to Fed.R.Civ.P. 37, defendants seek an order to compel plaintiff to provide the substance of likely testimony of witnesses identified in her initial disclosures. Defendants also seek an award of expenses incurred in making their motion. Non-party Tindall seeks an order quashing a subpoena *duces tecum* served upon him on May 20, 1996. It commands production of a copy of an agricultural trust created by his mother, Loretta Tindall. Fed.R.Civ.P. 45 governs motions to quash.

■ Plaintiff characterizes the motion of defendants as moot. After they filed it, she produced summaries of the likely testimony of her witnesses. Defendants have filed no reply memorandum to dispute this. The court thus deems the motion moot, except with regards to imposition of costs and expenses. Fed.R.Civ.P. 37(a)(4)(A) provides:

If the motion is granted or *if the disclosure or requested discovery is provided after the motion was filed,* the court *shall,* after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, *unless* the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

(emphasis added). This rule calls for sanctions, when the party makes disclosure after a motion to compel.

■ Counsel for plaintiff urges the court to excuse the untimely disclosure on grounds that he was "extremely busy;" that he "had great difficulty retaining a full time legal secretary;" and that his secretaries were unsatisfactory. He suggests he could do no better. He asserts that he had no improper motive or contemptuous attitude. The proffered excuses speak only in general, almost argumentative terms. They lack any convincing detail or facts of record to assure the court that counsel was so "extremely busy" with matters of greater priority or so lacking with secretarial assistance as to justify a failure to comply with the clear requirements of Fed.R.Civ.P. 26. Plaintiff has shown no substantial justification for the untimely disclosure of her counsel. Nor does she demonstrate circumstances which would make an award of expenses unjust.

■ Before imposing sanctions pursuant to Fed.R.Civ.P. 37(a)(4)(A), the court must afford plaintiff an opportunity to be heard. The Advisory Committee Notes to the 1993 Amendments to Fed.R.Civ.P. 37(a)(4) makes clear, however, that the court can consider the issue of sanctions "on written submissions as well as on oral hearings." In this instance defendants specifically requested in their motion an award of costs and expenses incurred upon the motion. Plaintiff responded to the motion and provided explanation for the untimely disclosure. She has therefore had her opportunity to be heard. The rule requires no more.

■ "The purpose of sanctions is not merely to reimburse the wronged party or

penalize the offending party, but to deter others from engaging in similar conduct." *Fordyce v. City of Kan. City, Kan.*, No. Civ.A. 95–2285–GTV, 1996 WL 159631, at *2 (D.Kan. Apr. 4, 1996) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976)). "The primary goal of sanctions is to deter misconduct." *RTC v. Williams*, 162 F.R.D. 654, 660 (D.Kan.1995). The sanction to be imposed should be the least severe of those available, which appears adequate to deter and punish the wrongdoer. *See White v. GMC*, 908 F.2d 675, 685 (10th Cir.1990).

▮ In this instance a monetary sanction in the amount of $200 appears adequate. The motion was brief. The court does not find that counsel for plaintiff intentionally withheld the disclosure for vexatious or improper purpose. Within twenty days of the date of this order Caleb Boone shall pay the monetary sanction of $200 to defendants John Bird; Robert Glassman; and Glassman, Bird & Braun and file a receipt or certificate of payment with this court.

The court next addresses the Motion To Quash (doc. 32). Non-party Warren Tindall thereby seeks to quash a subpoena *duces tecum.* It commands production of a copy of a trust instrument known as the Loretta Tindall Agricultural Trust. Tindall contends that the District Court of Barton County found the trust instrument nondiscoverable. He claims that plaintiff participated in the action commenced in state court, but did not appeal the ruling of nondiscoverability. He argues that the non-appealed ruling on the discoverability of the trust instrument prevents plaintiff from discovering it in this litigation.

In a reply memorandum defendant Charles Haynes clarifies the position of Tindall and provides additional facts. He sets forth three rationales for giving the state discovery order preclusive effect here. First, he argues that 28 U.S.C. § 1738 requires this court to accord the state ruling the same full faith and credit as it would have in state court. Second, he argues that the issue of the discoverability of the trust instrument is barred by the doctrine of col-

lateral estoppel or claim preclusion. Third, he argues that once a party forgoes appealing an appealable order, such order becomes the law of the case and cannot be relitigated, absent clear error or manifest injustice.

Plaintiff suggests that the trust instrument is not privileged, but simply a contract between Tindall and his mother Loretta. Plaintiff argues that whatever privilege which may have attached to the trust instrument by virtue of Tindall's status as trustee or executor of the will of his mother, dissolved with his fiduciary duties. She asserts he has completed those duties. She thus argues that Tindall is simply a party to a contract, with no authority to assert a privilege.

Citing K.S.A. 60–437, plaintiff also suggests that Tindall waived any privilege by discussing its terms upon his deposition. She suggests that a witness cannot disclose portions of alleged privileged material without disclosing the remainder. She also claims that any privilege was waived when defendant Charles Haynes, acting as attorney for Tindall, produced a video tape which shows Loretta Tindall signing her will and the trust instrument. The tape also contains an extensive and detailed discussion of the provisions of the trust instrument.

Plaintiff denies the application of *res judicata* upon discoverability of the trust instrument in this case. She claims there is no identity of issues or parties between this and the action in state court. She further notes that Tindall appears here as a non-party deponent, not a party. She also asserts that defendants here were not parties to proceedings in state court.

▮ The Tenth Circuit Court of Appeals has not definitively decided whether federal or state rules apply to the issues of *res judicata* (or claim preclusion) and collateral estoppel (also known as issue preclusion) in a case such as this, based upon diversity of citizenship for federal jurisdiction. *See Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir.1995). Dictum suggests it would "apply federal preclusion law except where the matter [wa]s distinctly substantive." *See American Motorists Ins. Co. v.*

General Host Corp., 946 F.2d 1482, 1485–86 (10th Cir.), vacated in part on other grounds, 946 F.2d 1489 (10th Cir.1991).

The District of Kansas has subsequently determined that federal law governs the issue of collateral estoppel in diversity cases. Scheufler v. General Host Corp., 881 F.Supp. 492, 495 (D.Kan.1995). The analysis espoused in Scheufler appears to apply equally to the issue of res judicata. The court, however, need not decide the issue here. The doctrine of res judicata applies by essentially the same principles under Kansas and federal law. Compare Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 360 (10th Cir.1996) (setting forth elements of res judicata under Kansas law) with Conoco, Inc. v. Pendleton Land & Exploration, Inc., No. 88–1545–C, 1989 WL 159372, at *3 (D.Kan. Dec. 12, 1989) (setting forth such elements under federal law).

Res judicata is inapplicable to the dispute before the court. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). "[A] final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). "Under Kansas law res judicata has four elements: identity of things sued for; identity of cause of action; identity of persons and parties to the actions; and identity in quality of persons." Phillips USA, Inc., 77 F.3d at 360. "[T]he federal doctrine of res judicata or claim preclusion can be broken down into its three elements: (1) an identity of the parties or their privies; (2) a final judgment on the merits; and (3) an identity of the causes of actions." Conoco, Inc., 1989 WL 159372, at *3 (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394,

398, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981); Matter of Energy Cooperative, Inc., 814 F.2d 1226, 1231 (7th Cir.1987)). Both federal and Kansas law require identity of the cause of action. No such identity exists in this instance. The state action dealt with obtaining final settlement of the estate of Loretta Tindall in accordance with her last will in testament. (See Pet. For Final Settlement, attached as Ex. A to Def. Charles Haynes' Reply to Pl.'s Resp. To Warren Tindall's Mot. To Quash, doc. 36.) The present action asserts a claim for negligence and malpractice against the attorneys and accountants who advised Ms. Tindall with regards to her estate, will, and trust. (See Compl., doc. 1.)

■ Collateral estoppel likewise does not determine discoverability of the trust instrument in this case. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen, 449 U.S. at 94, 101 S.Ct. at 414 (emphasis added). The court applies federal law with regards to collateral estoppel, when jurisdiction is based upon diversity of citizenship. See Scheufler, 881 F.Supp. at 495. Under federal law,

[c]ollateral estoppel will bar a claim if four elements are met: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Frandsen, 46 F.3d 975, 978 (10th Cir.1995); see also, Scheufler, 881 F.Supp. at 495. When an issue essential to the judgment is litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action arising from the same subject matter or transaction. The court here cannot find that the discovery ruling by the District Court of Barton County, Kansas was essential to its judgment. Collateral estoppel does not prohibit this court from

resolving the issue of discoverability for the purpose of this case.

Kansas law similarly would not allow the doctrine of collateral estoppel to preclude the discovery.

Under Kansas law, the doctrine of collateral estoppel, or issue preclusion, applies where the following is shown: (1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties must be the same or in privity, and (3) the issue litigated must have been determined and necessary to support the judgment. Kansas courts have emphasized that "[o]ne essential element of collateral estoppel is that the issue to be determined ... must actually have been determined and necessary to support the judgment in the prior action."

*Williams v. Weber,* 905 F.Supp. 1502, 1508 (D.Kan.1995) (citations omitted). The discovery issue decided by the state court was not necessary to support the judgment entered therein.

■ The law-of-the-case doctrine also does not bind plaintiff or this court to the ruling of the state court. "The law of the case is a judicial doctrine designed to promote decisional finality. Once a court decides an issue, the doctrine comes into play to prevent the re-litigation of that issue in subsequent proceedings in the same case." *Octagon Resources, Inc. v. Bonnett Resources Corp. (In re Meridian Reserve, Inc.),* 87 F.3d 406, 409 (10th Cir.1996). Obviously the present malpractice action differs from probate proceedings in the District Court of Barton County, Kansas, to determine rights and duties created by a trust. The law-of-the-case doctrine does not preclude discovery here.

■ Section 1738 of Title 28 of the United States Code also does not require this court to give preclusive effect here to the ruling of the state court.

Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so: "[J]udicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State...."

*Allen,* 449 U.S. at 96, 101 S.Ct. at 415–16 (quoting 28 U.S.C. § 1738). The full-faith-and-credit doctrine applies only to judgments. The discovery ruling of the state court does not constitute a judgment.

■ The court here, therefore, must resolve the discoverability of the trust instrument for the purpose of this case. Nonparty Tindall urges the court to follow the ruling of the state court and find it nondiscoverable. He provides no reason for such finding, except that the state court so found in the probate proceedings. Defendant Haynes likewise provides no independent reason for finding it nondiscoverable and quashing the subpoena *duces tecum.*

The state court held the trust instrument not discoverable in the case before it. No one has demonstrated that it ruled the document universally nondiscoverable in all litigation. Discovery orders generally relate to the facts of the particular case from which they emerge. For the previous discovery order to have a dispositive effect on the present dispute to the extent suggested by Tindall and Haynes, the subpoena at issue should be materially similar, if not identical, to that previously considered; the objections and their support should be materially similar; and the material facts should be substantially similar. *See Mackey v. IBP, Inc.,* 167 F.R.D. 186, 191 (D.Kan.1996).

In this instance the facts stated in the motion to quash and its supporting memoranda provide little comparison between the discovery dispute here and what was resolved by the state court. This court finds no similarity of consequence beyond the fact that in both cases the dispute arises from objections to a subpoena *duces tecum.* The brief state-court ruling itself proves nothing to show any similarity of significance. It contains no factual background or analysis of objections. It does not state reasons for the finding of nondiscoverability. This court cannot find that the ruling of the state court,

therefore, necessarily disposes of the discovery dispute here.

The order of the state court would bind this court on the other hand, to the extent privilege was its basis. "By operation of Fed.R.Evid. 501, state law governs any privilege claims in this diversity action." *Pacific Employers Ins. Co. v. P.B. Hoidale Co.,* 142 F.R.D. 171, 173 (D.Kan.1992). Had the state court found the trust instrument privileged, that ruling might indeed defeat discovery in this action. "The party seeking to assert a privilege[, however,] has the burden of establishing its applicability." *Motley v. Marathon Oil Co.,* 71 F.3d 1547, 1550 (10th Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1678, 134 L.Ed.2d 781 (1996). "The party seeking to assert a privilege or protection must make a clear showing that it applies." *Ali v. Douglas Cable Communications, Ltd. Partnership,* 890 F.Supp. 993, 994 (D.Kan. 1995).

Neither non-party Tindall nor defendant Haynes has clearly shown that a privilege protects the trust instrument. No one but plaintiff poses the possibility of a claim of privilege. No one specifies or elaborates upon the nature of any privilege or a reason for it. No one identifies, moreover, the underlying basis for the order of the state court. The order itself does not characterize the trust instrument as privileged. It simply deems it nondiscoverable for unspecified reasons. The ruling may indeed rest simply upon irrelevancy to the action in state court. This court declines to speculate. Tindall has the burden to demonstrate privilege or any other rationale which would be binding here. He has not carried that burden. Although privilege may be grounds to quash a subpoena, *see* Fed.R.Civ.P. 45(c)(3)(A)(iii), Fed. R.Civ.P. 45(d)(2) states that "[w]hen information subject to a subpoena is withheld on a claim that it is privileged … the claim shall be made expressly…." In this instance neither Tindall nor defendants have expressly made a claim of privilege.

Were the court to assume the existence of a privilege, moreover, it would deem it waived. Plaintiff presents two scenarios which purportedly constitute waiver. First, she suggests that Tindall waived any privi-

lege by testifying upon deposition about contents of the trust instrument. She provides one page from the transcript to demonstrate waiver. That page, however, does not reveal sufficient testimony about the instrument to constitute a waiver of privilege. Plaintiff also asserts, however, that Mr. Haynes, as attorney for Tindall and as a party to this litigation, has produced a video tape containing detailed discussions of the provisions of the trust instrument. She suggests that such production constitutes waiver of whatever privilege would protect the instrument. No one contests the purported content of the produced video. Based upon uncontested statements as to its contents, the court agrees that its production constitutes waiver of whatever privilege may have protected the trust instrument. "Intentional disclosure to third parties of privileged information is a waiver of any privilege." *Burton v. R.J. Reynolds Tobacco Co.,* 167 F.R.D. 134, 140 (D.Kan.1996) (applying privilege law of Kansas). K.S.A. 60–437 states, moreover, that

[a] person who would otherwise have a privilege to refuse to disclose or to prevent another from disclosing a specified matter has no such privilege with respect to that matter if the judge finds that such person while the holder of the privilege has … without coercion, or without any trickery, deception, or fraud practiced against him or her, and with knowledge of the privilege, made disclosure of any part of the matter or consented to such a disclosure made by anyone.

For the foregoing reasons, the court sustains in part and otherwise deems moot the Motion To Compel (doc. 21) filed by defendants John Bird; Robert Glassman; and Glassman, Bird & Braun. It sustains the request for an award of expenses, as directed herein. It otherwise deems the motion moot. In addition it overrules the Motion To Quash (doc. 32) filed by non-party Warren Tindall.

IT IS SO ORDERED.