**Elma AUGUSTINE, Plaintiff,**

v.

**James ADAMS, et al., Defendants.**

**No. Civ.A. 98–2422–GTV.**

United States District Court, D. Kansas.

Feb. 4, 2000.

---

Caleb Boone, Hays, KS, for plaintiff.

Richard T. Foster, McDonald, Tinker, Skaer, Quinn & Herrington, Whichita, KS, for defendants.

Michael S. Holland, Holland & Holland, Russell, KS, for Charles Haynes, defendant.

Clarence L. King, Jr., Brian Wilson Wood, Hampton & Royce, L.C., Salina, KS, for John Bird, defendant.

## MEMORANDUM AND ORDER

VANBEBBER, District Judge.

This professional malpractice action is before the court on a motion for summary judgment (Doc. 6) and a motion for sanctions (Doc. 8) filed by defendants John Bird, Robert Glassman, and Glassman, Bird & Braun (collectively the "Attorneys"), and a motion for summary judg-

ment (Doc. 9) filed by defendants James Adams and Adams, Brown, Beran & Ball, P.A. (collectively the "Accountants"). For the reasons set forth below, the motions are granted.

## I. FACTUAL BACKGROUND

The following facts are taken from the summary judgment record and are either uncontroverted or viewed in the light most favorable to plaintiff's case. Immaterial facts and facts not properly supported by the record are omitted.

Plaintiff filed suit in this court alleging professional malpractice against the Attorneys, the Accountants, and Charles Haynes on October 27, 1995. After completion of discovery, the Attorneys and the Accountants moved for summary judgment on all claims against them. The court issued an Order on May 2, 1997, granting both motions. *See Augustine v. Adams,* No. 95–2489–GTV, 1997 WL 298451 (D.Kan. May 2, 1997).

In an apparent attempt to gain immediate appeal rights from this court's order granting summary judgment, plaintiff voluntarily dismissed her claims against Charles Haynes without prejudice. She then filed an appeal with the United States Court of Appeals for the Tenth Circuit.

The Tenth Circuit informed plaintiff that the May 2, 1997 order was not ripe for review, because an order dismissing some, but not all, of the defendants is not a final order for purposes of appeal. The Tenth Circuit allowed plaintiff fifteen days to obtain either a final judgment or a Fed. R.Civ.P. 54(b) certification from this court. Plaintiff requested appropriate certification; this court denied that request.

The Tenth Circuit dismissed plaintiff's appeal on July 22, 1998. Citing *Cook v. Rocky Mountain Bank Note Co.,* 974 F.2d 147, 148 (10th Cir.1992), the Tenth Circuit explained that it lacked jurisdiction over the appeal because this court had not adjudicated all of the claims against all of the

parties as required by Fed.R.Civ.P. 54(b). Specifically, the Tenth Circuit explained that under *Cook,* a plaintiff may not voluntarily dismiss the claims against one defendant without prejudice as an avenue to gain appeal rights to an order dismissing claims against other defendants with prejudice.

On September 18, 1998, plaintiff filed the present action, asserting the same claims against the same parties as asserted in the previous 1995 action.[1]

## II. MOTIONS FOR SUMMARY JUDGMENT

The Attorneys contend that they are entitled to summary judgment because plaintiff's claims against them are (1) barred by the doctrine of res judicata, (2) barred by the Kansas one-action rule, and (3) barred by the applicable statute of limitations. The Attorneys further argue that "equity warrants the use of [this court's] inherent power to control its docket and dismiss this case with prejudice." The Accountants contend that they are entitled to summary judgment because plaintiff's claims against them are (1) barred by the doctrine of res judicata, (2) barred by the doctrine of collateral estoppel, and (3) barred by the applicable statute of limitations.

To the extent that the Attorneys' and the Accountants' arguments coincide, they will be discussed together.

### A. *Summary Judgment Standard*

Summary judgment is appropriate if the evidence presented by the parties demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine" issue of fact exists if the evidence is such that a reasonable jury could resolve the issue either way. *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir.

---

1. Plaintiff's claims arise from the preparation, execution, administration, and probate of her mother's will and an inter vivos trust. For a

discussion of the facts surrounding the particular claims, see *Augustine,* 1997 WL 298451.

1998) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). An issue of fact is "material" if it is essential to the proper disposition of the claim. *See id.* (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505). The court must consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion. *See id.*

The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See id.* at 670–71 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). If the moving party will not bear the burden of persuasion at trial, that party "may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671 (citing *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts from which a reasonable jury could find in favor of the nonmoving party. *See id.*

*B. Res Judicata and Collateral Estoppel*

The Attorneys argue that plaintiff's claims against them are barred by the doctrine of res judicata, and the Accountants argue that plaintiff's claims against them are barred by both res judicata and collateral estoppel. The court concludes that both res judicata and collateral estoppel serve to bar plaintiff's claims.

 Although the two doctrines operate in slightly different manners, both res judicata and collateral estoppel function on the premise that the finality of earlier judgments must be advanced and adhered to by subsequent courts. *See* 18 James Wm. Moore, *Moore's Federal Practice* § 131.13[1] (3d ed.1999). Under res judi-

cata, commonly referred to as claim preclusion, a final judgment on the merits precludes the parties or their privies from relitigating any claims that were or could have been raised in that action. *See Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Under collateral estoppel, also known as issue preclusion, a court's decision on an issue of fact or law that is necessary to its judgment precludes relitigation of the same issue in a different cause of action between the same parties. *See Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). In both cases, invocation of res judicata and collateral estoppel "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen,* 449 U.S. at 94, 101 S.Ct. 411.

 A preliminary question is whether state or federal law governs the res judicata and collateral estoppel issues presented in this diversity case. Although the Tenth Circuit has not definitively answered this question, it has indicated in dicta that it would probably " 'apply federal preclusion law except where the matter is distinctly substantive.' " *Frandsen v. Westinghouse Corp.,* 46 F.3d 975, 977 (10th Cir.1995) (quoting *American Motorists Ins. Co. v. General Host Corp.,* 946 F.2d 1482 (10th Cir.1991)). The District of Kansas has subsequently determined that federal law governs the issue of collateral estoppel in successive diversity actions, *see Scheufler v. General Host Corp.,* 881 F.Supp. 492, 495 (D.Kan.1995), and that federal law would likely govern the issue of res judicata as well, *see Augustine v. Adams,* 169 F.R.D. 664, 668 (D.Kan.1996). This court will apply federal law.[2]

 For the doctrine of res judicata to apply, the following three conditions must be satisfied: (1) a final judgment on

---

2. The court notes that the doctrine of res judicata applies by essentially the same principles under Kansas law as under federal law. *See Augustine,* 169 F.R.D. at 668. As a result,

the application of either state or federal law to the res judicata issue would not materially alter the decision of this court.

the merits must have been made in the prior action; (2) the parties must be identical or in privity; and (3) the suit must be based on the same cause of action. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir.1999) (citing *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)). It is uncontested that the parties in this action are identical to those in the prior action and that the present lawsuit is based on the same causes of action as the previous one. The only issue is whether this court's May 2, 1997 order granting summary judgment in favor of the Attorneys and the Accountants constitutes a "final judgment on the merits."

■ Plaintiff contends that res judicata finality is "inextricably intertwined" with the appealability of a judgment. She argues that the May 2, 1997 order in the 1995 action cannot be considered final because it was not appealable. Plaintiff, however, either misstates or misinterprets the relationship between appealability and finality for res judicata purposes. First and foremost, this court has specifically held that summary judgment is a final judgment on the merits for purposes of res judicata. *See Solien v. Physicians Bus. Network, Inc.*, 22 F.Supp.2d 1237, 1238 (D.Kan.1998); *Anglemyer v. Hamilton County Hosp.*, 941 F.Supp. 976, 979 (D.Kan.1996). Second, the absence of a right to appeal a final judgment on the merits does not necessarily change the preclusive effect of that judgment on a second suit. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 38–39, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *see also Sherman v. Jacobson*, 247 F.Supp. 261, 268 (S.D.N.Y.1965) (" '[F]inal' in the res judicata or collateral estoppel sense is not identical to 'final' in the rule governing the jurisdiction of appellate courts."). "[W]hen res judicata is in question a judgment will ordinarily be considered final in respect to a claim ... if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court, short of any steps by way of execution or enforcement that may be consequent on the particular

kind of adjudication." *Restatement (Second) of Judgments* § 13, cmt. b (1980).

In this case, plaintiff was given a full opportunity to, and did, oppose both of the 1995 motions for summary judgment. The court, after a full briefing on the issues, issued a lengthy opinion granting summary judgment. *See Augustine v. Adams*, 1997 WL 298451. The judgment at the trial court level was in no way tentative, provisional, or contingent. Moreover, plaintiff's inability to appeal the order granting summary judgment was due only to her counsel's ignorance of Tenth Circuit case law. At the time plaintiff dismissed her action and filed her appeal, Tenth Circuit case law unambiguously held that a plaintiff may not voluntarily dismiss the claims against one defendant without prejudice as an avenue to gain appeal rights to an order dismissing claims against other defendants with prejudice. *See Cook*, 974 F.2d at 148. Failure to educate oneself about and adhere to the available Tenth Circuit case law does not render this court's judgment any less final for purposes of res judicata. Accordingly, plaintiff's claims against the Attorneys and the Accountants are barred by res judicata.

■ For collateral estoppel to apply, the following conditions must be satisfied: (1) the issue previously decided must be identical with the one presented in the current action; (2) the party against whom the doctrine is invoked must have been a party or in privity with a party to the prior action; (3) the party against whom the doctrine is raised must have had a full and fair opportunity to litigate the issue in the prior action; and (4) the prior action must have been finally adjudicated on the merits. *See Murdock v. Ute Indian Tribe*, 975 F.2d 683, 687 (10th Cir.1992) (citing *United States v. Rogers*, 960 F.2d 1501, 1508 (10th Cir.1992)) (quoting *In re Lombard*, 739 F.2d 499, 502 (10th Cir.1984)).

Plaintiff does not dispute that the first three conditions are satisfied. Plaintiff disputes, however, that the prior action was "finally adjudicated on the merits."

As was the case with her res judicata argument, plaintiff bases her argument on the premise that a judgment must be appealable in order to satisfy the finality requirement for purposes of collateral estoppel. Once again, however, plaintiff misinterprets the relationship between finality and appealability. This court has held that summary judgment is a final judgment on the merits for purposes of collateral estoppel. *See Matosantos Commercial Corp. v. Applebee's Int'l, Inc.,* 64 F.Supp.2d 1105, 1112 (D.Kan.1999). Further, although the Tenth Circuit has not squarely addressed the issue, several circuits have held that a judgment need not be final in the appealable sense to further preclude litigation on an issue decided by the court. *See, e.g., Metromedia Co. v. Fugazy,* 983 F.2d 350, 366 (2d Cir.1992); *John Morrell & Co. v. Local Union 304A,* 913 F.2d 544, 563 (8th Cir.1990); *Dyndul v. Dyndul,* 620 F.2d 409, 412 (3d Cir.1980); *Miller Brewing Co. v. Jos. Schlitz Brewing Co.,* 605 F.2d 990, 996 (7th Cir.1979). The court concludes that plaintiff's claims are barred by collateral estoppel.

### C. Kansas one-action rule

█ The Attorneys argue that they are entitled to summary judgment because plaintiff's claims against them are barred by the Kansas "one-action" rule. This court disagrees.

The Kansas one-action rule is a judicially-developed concept that has been articulated through case law interpreting the Kansas comparative negligence statute, K.S.A. § 60–258a. The rule requires that all negligence claims arising out of one occurrence be determined in one action. *See Mick v. Mani,* 244 Kan. 81, 766 P.2d 147 (1988). The impetus for the one-action rule was to ensure that all parties against whom a claim of comparative negligence could be made be joined in the same action so that one judicial determination of comparative fault could be rendered. *See Eurich v. Alkire,* 224 Kan. 236, 579 P.2d 1207,

1209 (1978). The rule is essentially aimed at prohibiting a plaintiff from bringing a second action against a party that could have been, but was not, named in the first action. *See id.*

In this case, the Attorneys essentially attempt to invoke the one-action rule as a form of res judicata. The one action rule, however, is not intended to be an extension of res judicata. *See Mick,* 766 P.2d at 158. The court concludes that the one-action rule is not applicable to this case, and that the Attorneys are not entitled to summary judgment on this ground.

### D. Kansas Statute of Limitations

█ The Attorneys and the Accountants argue that they are entitled to summary judgment because plaintiff's claims against them are brought beyond the applicable Kansas statute of limitations. The court agrees.

█ In Kansas, the statute of limitations governing professional malpractice actions is two years. *See* K.S.A. § 60–513(a)(4) (1994).[3] Plaintiff's claims against the Attorneys and the Accountants are based on events that occurred no later than October 1995. Plaintiff filed the present lawsuit on September 18, 1998. Absent some justification, plaintiff's claims fall well outside the two-year statute of limitations.

Plaintiff argues that "[t]he continued pendency of [her] appeal to the Tenth Circuit tolled the statute of limitations" so that the refiling of her complaint was not in violation of the statute of limitations. The Kansas savings statute, K.S.A. § 60–518 (1994), provides:

If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a

---

**3.** In a diversity case, the court applies Kansas law to determine whether an action is barred by the applicable statute of limitations. *See*

*Kitchens v. Bryan County Nat. Bank,* 825 F.2d 248, 254–55 (10th Cir.1987).

new action within six (6) months after such failure.

Although plaintiff's brief makes it difficult to ascertain exactly what she is attempting to argue, it appears that plaintiff is contending that the Kansas savings statute applies to this case because the Tenth Circuit dismissed the appeal of her 1995 action due to lack of jurisdiction, a dismissal that was "otherwise than upon the merits."

The Kansas savings statute makes clear, however, that it is the action commenced at the trial court level which must fail "otherwise than upon the merits." The Kansas Supreme Court has provided that "[a] judgment 'otherwise than upon the merits' would involve matters of form or procedure which do not touch in any way upon the merits of the controversy." *Rogers v. Williams, Larson, Voss, Strobel & Estes*, 245 Kan. 290, 777 P.2d 836, 838–39 (1989). "Examples of such judgments include: (1) denial of class certification for lack of numerosity; (2) dismissal for failure to file an amended petition following a partially successful motion for a more definite statement; (3) dismissal without prejudice; and (4) dismissal for voidable service of process." *Id.* at 839 (internal citations omitted). In *Rogers*, the Kansas Supreme Court held that the summary judgment order entered against the plaintiffs in the first action was clearly on the merits where the court considered the undisputed facts and concluded that the plaintiffs had no cause of action against the defendants. *See id.* The summary judgment order entered by this court in plaintiff's 1995 action parallels that described by the *Rogers* court. This court considered the undisputed facts in plaintiff's 1995 case and concluded that plaintiff had no cause of action against either the Attorneys or the Accountants. Accordingly, the summary judgment order entered against the plaintiff in her 1995 action was "upon the merits," and the Kansas savings statute does not apply. Plaintiff states no other reason why her current action is not brought in violation of the statute of limitations, and thus the Attorneys and the Accountants are entitled to summary judgment.

### E. Court's Inherent Power to Dismiss the Case

The Attorneys argue that plaintiff "has repeatedly attempted to manipulate this Court's decisions in the underlying [1995] case such that equity warrants the use of [this court's] inherent power to control its docket and dismiss this case with prejudice." In support, the Attorneys cite cases which stand for the general proposition that a court can dismiss a cause of action for lack of prosecution, and they argue that the court should extend that "inherent authority" and dismiss this case with prejudice. The court declines to do so.

### III. MOTION FOR SANCTIONS

The Attorneys request that the court levy sanctions against the plaintiff and/or her attorney under Fed.R.Civ.P. 11(b). Rule 11(b) provides the following:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; . . .

In the Tenth Circuit, an attorney must meet a standard of objective reasonableness in order to avoid sanctions under Rule 11. *See White v. General Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir.1990) (citing *Adamson v. Bowen*, 855

F.2d 668, 673 (10th Cir.1988)). An attorney's subjective good faith belief in the merit of an argument is not sufficient; the attorney's belief must be in accord with what a reasonable, competent attorney would believe under the circumstances. *See id.* The court has discretion in determining the factual issues and whether the claim or argument is warranted by law. *See Schrag v. Dinges,* 150 F.R.D. 664, 682 (D.Kan.1993) (citing *Dodd Ins. Serv's., Inc. v. Royal Ins. Co. of America,* 935 F.2d 1152, 1155 (10th Cir.1991)). However, imposition of sanctions is mandatory once it is determined that a Rule 11 violation has occurred. *See Lawton v. Medevac Mid-America, Inc.,* 138 F.R.D. 586, 590 (D.Kan. 1991) (citing *Adamson,* 855 F.2d at 672). "[T]he primary purpose of sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for its costs in defending a frivolous suit." *White,* 908 F.2d at 684. The amount of sanctions must be the minimum amount necessary to deter future violations. *See id.* at 684–85.

Plaintiff's brief states that the current action was filed "so that the claims remaining against [the Attorneys and the Accountants] could be preserved for the purposes of an appeal on the merits, and counsel was aware of no other procedural mechanism for doing this other than the refiling of the old Complaint within six months after the dismissal of the Appeal for lack of jurisdiction." The court determines, however, that plaintiff's counsel, after a reasonable inquiry, should have determined that plaintiff's claims against the Attorneys were barred by res judicata, collateral estoppel, and the applicable Kansas statute of limitations. Moreover, plaintiff's counsel should have realized that the claims, defenses, and legal contentions presented, in both plaintiff's complaint and especially in plaintiff's summary judgment response, were not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."

Plaintiff argues that if sanctions are appropriate, they should be in the amount of zero because the Attorneys' current motion for summary judgment is "in substance identical" to the one they filed in the 1995 action. Plaintiff argues that the "reprocessing" of the previous motion in the Attorneys' computer does not amount to any substantial new legal work. This argument not only lacks merit, it is a bald-faced misstatement of the truth to this court. The Attorneys' motion for summary judgment in the 1995 action was based upon entirely different legal principles than the motion for summary judgment presently before the court. In the 1995 action, the Attorneys argued that they had not breached their duty to plaintiff, and, even if they had, that plaintiff had suffered no damages. The Attorneys' motion for summary judgment in the current action is based solely upon the doctrine of res judicata, the Kansas one-action rule, the Kansas statute of limitations, and principles of equity.

The court concludes that plaintiff's counsel has violated Rule 11, and that sanctions are both warranted and necessary to deter similar conduct in the future. The amount of sanctions is yet to be determined; the court concludes, however, that payment of some or all of the reasonable attorneys fees and other expenses incurred by the Attorneys as a direct result of the violation is appropriate. The Attorneys, therefore, are directed to file time records, affidavits, or other evidence setting forth the time and corresponding hourly rates that were spent in defending this suit and in obtaining this order.

IT IS, THEREFORE, BY THE COURT ORDERED that the motion for summary judgment filed by defendants John Bird, Robert Glassman, and Glassman, Bird & Braun (Doc. 6), and the motion for summary judgment filed by defendants James Adams and Adams, Brown, Beran & Ball, P.A. (Doc. 9) are granted.

IT IS FURTHER ORDERED that the motion for sanctions filed by defendants

John Bird, Robert Glassman, and Glassman, Bird & Braun (Doc. 8) is granted. Defendants John Bird, Robert Glassman, and Glassman, Bird & Braun shall have ten (10) days from the date of this order to submit time records, affidavits, or other evidence setting forth the time and corresponding hourly rates that were spent in defending this suit and in obtaining this order. Plaintiff shall have five (5) days thereafter to reply to defendants' submissions.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**