Donna SCOTT, Plaintiff,

v.

The BOEING COMPANY, Defendant.

No. 01–4057–DES.

United States District Court, D. Kansas.

Jan. 24, 2002.

Cortland E. Berry, Cortland E. Berry Legal Clinic, Wichita, KS, for plaintiff.

Mary K. Babcock, Carolyn L. Rumfelt, Foulston & Siefkin L.L.P., Wichita, KS, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on Defendant's Motion for Rule 11 Sanctions (Doc. 11) pursuant to Rule 11 of the Federal Rules of Civil Procedure. Plaintiff has filed an Objection to Defendant's Motion for Rule 11 Sanctions (Doc. 15) and defendant has filed a Reply (Doc. 16). The court has reviewed the filings and is now prepared to rule on defendant's motion.

## I. BACKGROUND

Plaintiff filed a charge of discrimination with the EEOC on October 8, 1998, alleging defendant engaged in race and disability discrimination. Plaintiff received a Notice of Right to Sue ("right to sue letter") from the EEOC on April 17, 1999. On July 13, 1999, plaintiff, acting *pro se*, filed a complaint against defendant in the United States District Court for the District of Kansas. Defendant was never served and the case was voluntarily dismissed without prejudice on January 21, 2000. Plaintiff, again acting *pro se*, filed another complaint against defendant on July 21, 2000, alleging employment discrimination. Once again, defendant was not served and the case was dismissed without prejudice for lack of prosecution on February 6, 2001. After obtaining counsel, plaintiff filed the instant action on May 18, 2001 (Doc. 1).

On July 26, 2001, defense counsel sent a letter to plaintiff's counsel urging him to dismiss the case as it was quite evident the case was not timely filed. (Mem. in Supp. of Def. Mot. for Rule 11 Sanctions, Attach. A). The letter also advised plaintiff's counsel that defendant would be filing a motion for sanctions unless a response was received providing a reason why such sanctions were not warranted. Plaintiff did not dismiss the action and defense counsel did not receive a response from plaintiff's counsel. Defendant proceeded to file a motion to dismiss on August 8, 2001. On August 20, 2001, defense counsel sent another letter advising plaintiff's counsel a motion for sanctions would be filed. (Mem. in Supp. of Def. Mot. for Rule 11 Sanctions, Attach. B). Attached to the letter was a copy of the current motion as required by Federal Rule of Civil Procedure 11(c)(1)(A). Again, plaintiff's counsel took no action.

On September 7, 2001, the court entered a Memorandum and Order ("M & O") (Doc. 9) dismissing plaintiff's action for failure to state a claim upon which relief can be granted. *Scott v. The Boeing Company*, No. 01–4057–DES, 2001 WL 1057750, at *2 (D.Kan. Sept.10, 2001). The court found plaintiff's right to sue had been extinguished because she had filed the case more than ninety days after receiving a right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1) (providing that a civil rights plaintiff must initiate litigation within ninety days of receiving a right to sue letter); *Million v. Frank*, 47 F.3d 385, 389 (10th Cir.1995) (noting that the ninety day filing time imposed by Title VII functions like a statute of limitations); *Bergman v. Sprint/United Management Co.*, 981 F.Supp. 1399, 1402 (D.Kan.1997) (same as applied to ADA).

Plaintiff argued that because she had filed her first complaint within the ninety day time period, the statute of limitations was tolled and her right to sue was preserved. The court unequivocally rejected this argument, finding when plaintiff voluntarily dismissed the case it was " 'as though the action had never been brought.' " *Scott*, 2001 WL 1057750, at *1 (quoting *Brown v. Hartshorne Public School Dist.*, 926 F.2d 959, 961 (10th Cir.1991)). Thus, the court found when plaintiff filed the complaint in the present

action, it was as if the other complaints had never been filed. *See Brown,* 926 F.2d at 961 ("filing a complaint that is dismissed without prejudice does not toll the statutory period of Title VII."). As such, it was noted that the complaint in this case was filed well beyond ninety days after plaintiff received her right to sue letter and was thus time barred.[1]

## II. STANDARD OF REVIEW

An attorney's signature on a complaint or other pleadings in federal court constitutes a certification by the attorney that:

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances- (2) the claims, defenses, and other legal contentions therein are warranted by exiting law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .

FED. R. CIV. P. 11(b)(2).

To avoid sanctions under Rule 11, an attorney must meet a standard of objective reasonableness. *White v. General Motors., Inc.,* 908 F.2d 675, 680 (10th Cir.1990). An attorney's subjective good faith belief in the merit of an argument does not suffice to meet this standard. *Augustine v. Adams,* 88 F.Supp.2d 1166, 1174 (D.Kan.2000). Instead, the attorney's belief must be "in accord with what a reasonable, competent attorney would believe under the circumstances." *White,* 908 F.2d at 680. It is within the discretion of the court to determine whether the claim or argument is warranted by law. *Augustine,* 88 F.Supp.2d at 1174 (citing *Schrag v. Dinges,* 150 F.R.D. 664, 682 (D.Kan.1993)).

"[T]he primary purpose of sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for its costs in defending a frivolous suit." *White,* 908 F.2d at 684. If Rule 11 is violated, however, the court may award "some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." FED. R. CIV. P. 11(c)(2). The amount of sanctions should be the minimum amount necessary to deter future violations of the rule. *White,* 908 F.2d at 684-85.

## III. DISCUSSION

In defendant's motion before the court, it claims plaintiff's counsel violated Federal Rule of Civil Procedure 11(b)(2) because after reasonable inquiry, counsel should have known plaintiff's claims were untimely and thus determined the claims were not warranted by existing law. In support of its motion, defendant notes plaintiff's lawsuit was filed more than two years out of time. Such an untimely lawsuit, argues defendant, certainly was not warranted by existing law and was not accompanied by nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Defendant requests a court order imposing sanctions against plaintiff's counsel in the amount of defendant's costs and attorneys' fee for filing the current motion and the motion to dismiss.

In response to defendant's allegations, plaintiff's counsel admits he failed to uncover the law rendering plaintiff's claim untimely. Plaintiff's counsel maintains that even if he would have known plaintiff's claim was untimely, he still would have filed suit and urged the court to "modify or reverse the law on the basis that plaintiff's case is different and an exception should be made in her case." (Obj. to Def. Mot. for Rule 11 Sanctions at 1-2). Defendant does not expand on this point and he fails to explain on what basis an exception should have been made in plaintiff's case.

The law on the issue of whether plaintiff's suit was timely is undeniably clear. *See* U.S.C. § 2000e-5(f)(1) (providing that a civil rights plaintiff must initiate litigation within ninety days of receiving a right to sue letter). *See also Brown,* 926 F.2d at 961 (holding that when a plaintiff voluntarily dismisses a case, it is as though the case was never filed, thus the filing of a complaint that is eventually

---

1. Plaintiff received Notice of Right to Sue on April 17, 1999. The complaint in the current case was filed on May 18, 2001.

dismissed without prejudice does not toll the statutory period for Title VII). Additionally, plaintiff's counsel was made aware of the fact that plaintiff's lawsuit was untimely in a letter from defense counsel dated July 26, 2001. Plaintiff's counsel received the letter before the motion to dismiss was filed and before the motion currently before the court was filed. It is disingenuous for plaintiff's counsel to now claim he was unaware the statute of limitations had run on his client's case. The court finds that plaintiff's counsel, after reasonable inquiry, should have discovered plaintiff's claims were time barred and thus not warranted by existing law.

Additionally, plaintiff's counsel did not provide a "nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law." FED. R. CIV. P. 11(b)(2). Counsel's contention that the ninety day limit provided by Title VII "seems unjust" and may cause "great harm" does not constitute a nonfrivolous argument for the extension or modification of the law. Counsel's subjective belief in the validity of his argument does not shield him from sanctions under Rule 11. *White*, 908 F.2d at 680. The court finds a reasonable, competent attorney would have known an argument directed to the court advocating an extension of a ninety day statute of limitations to over two years on the basis that the ninety day limit "seems unjust" is at a minimum, frivolous.

## IV. CONCLUSION

The court finds plaintiff's counsel unreasonably failed to inquire as to whether plaintiff's claims were warranted by existing law or by a nonfrivolous argument for the modification or reversal of existing law. FED. R. CIV. P. 11(b)(2). Such conduct violates Rule 11 and sanctions are necessary to deter future similar conduct. Defendant's costs and reasonable attorneys' fees will serve as a guide for the court in determining the amount of sanctions. Sanctions cannot yet be assessed as the court is in need of additional documentation to determine the proper amount of sanctions. Defense counsel is therefore ordered to file time records, affidavits, or other evidence setting forth the time and corresponding hourly rates that were spent in defending this suit and obtaining this order.

**IT IS THEREFORE BY THIS COURT ORDERED** that the Defendant's Motion for Rule 11 Sanctions (Doc.11) is granted.

**IT IS FURTHER ORDERED** that defense counsel shall have until **February 7, 2002,** to submit time records, affidavits, or other evidence setting forth the time and corresponding hourly rates that were spent in preparing the motion to dismiss and the motion for Rule 11 sanctions. Plaintiff's counsel shall have until **February 21, 2002,** to respond to defendant's submissions.